Herbert COOKE

v.

Kathleen COOKE.

No. 95–139–Appeal.

Supreme Court of Rhode Island.

March 27, 1996.

Joseph E. Marran, Jr., Pawtucket.

Kathleen Cooke, Pro Se.

### ORDER

This matter came before a panel of this court for oral argument on March 19, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiff, Herbert Cooke (the husband) appeals from a Family Court order approving a master's report which granted reimbursement to him for an overpayment of child support to his former wife, Kathleen Cooke (the wife). The facts are summarized as follows.

The husband filed a motion in the Family Court on October 25, 1994 for modification of child support and other relief. Specifically, the husband sought to recover from the wife and/or the Bureau of Family Support duplicate payments he allegedly made over a period of twenty-four weeks in the total amount of $1,920. The husband contended that the overpayments were made after August 20, 1993.

On November 23, 1994, a master was appointed by a Family Court justice to hear evidence and render a report. The husband objected to the master's consideration of evidence dating back to 1982 on the basis of res judicata. The husband specifically contended that a previous master had rendered a report in 1993 finding that the wife owed the husband the sum of $2,378.59, plus interest in the amount of $618.43. The first master's report rendered on September 10, 1993, covered the period from 1982 to August 20, 1993. That report was approved by a Family Court justice who entered judgment in favor of the husband for the total sum of $2,997.02, plus $1,000 for the husband's counsel fees, which was paid by the wife.

In his report, the second master determined that there was significant confusion in the previous master's report which required him to go back and consider evidence from 1982. The master concluded that the husband was owed only $517.86. The master's report was approved by a Family Court justice on January 30, 1995 and a judgment entered on February 9, 1995, ordering compliance with the master's report.

On the basis of res judicata this court concludes that it was error for the second master to consider any evidence between 1982 and August 20, 1993. The issues and evidence concerning that period of time were previously evaluated by a master, whose report, and findings contained therein, were accepted and approved by the Family Court. Thus, the parties were bound by the terms of the previous judgment.

For the foregoing reasons the husband's appeal is sustained. The January 30, 1995, Family Court order, and the subsequent February 9, 1995, Family Court judgment approving the master's report are vacated. The case is remanded to the Family Court for the purpose of computing the amount, if any, of child support overpaid by the husband for the period of time subsequent to August 20, 1993. Evidence prior to that date shall not be considered for the reasons stated

above. The papers of the case are remanded to the Family Court.

BOURCIER, J., did not participate.